Filed 9/12/25  P. v. Rhodius CA4/2
Opinion on remand from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080064 |
| v. | (Super.Ct.No. RIF1502535) |
| ANDREW CHRISTIAN RHODIUS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded.

Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Paige Hazard, and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Andrew Christian Rhodius petitioned for resentencing under Penal Code section 1172.75.[1]  The trial court denied a full resentencing hearing, and we affirmed.  Subsequently, our Supreme Court reversed our affirmance and remanded the matter for further proceedings consistent with its opinion.  (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1151 (*Rhodius*).)  Considering our Supreme Court's decision, we reverse and remand for further proceedings.

## I.  PROCEDURAL BACKGROUND AND FACTS

"In 2016, defendant . . . was charged with possession of a firearm (Pen. Code, § 29800, subd. (a)(1)), possession for sale of a controlled substance (Health & Saf. Code, § 11378), possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1), and resisting arrest (Pen. Code, § 148, subd. (a)(1)), with sentencing enhancement allegations that he suffered two prison priors (Pen. Code, § 667.5, former subd. (b)), one serious felony prior (Pen. Code, § 667, subd. (a)), and one strike prior (Pen. Code, §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).  A jury found him guilty on all charges except possession for sale of a controlled substance, on which it hung.  In 2017, he agreed to plead guilty to that charge and to admit the prior-prison-term, serious felony prior, and strike prior allegations.  In exchange, he received a stipulated sentence of 11 years in this case as well as three years four months on two other cases, for a total sentence of 14 years four months for all three cases.  The trial court imposed one year for each prior-prison-term enhancement 'pursuant to the

---

[1]  Undesignated statutory references are to the Penal Code.

agreement with the [district attorney]' but 'stayed [them] permanently pursuant to [Penal Code section] 1385.' The effect of granting a stay was to prevent execution of the enhancement, but 'preserv[e] the possibility of imposition of the stayed portion should a reversal on appeal reduce the unstayed portion of the sentence.' [Citations.]

"In 2022, [California's Department of Corrections and Rehabilitation] identified [defendant] as an inmate whose judgment included an enhancement under section 667.5, former subdivision (b), and it so notified the trial court. [Citation.] At an initial resentencing hearing, the trial court granted [defendant's] oral motion to strike his two prior-prison-term enhancements and amended the abstract of judgment accordingly. But at a subsequent hearing, the court denied [defendant's] request for a full resentencing hearing under section 1172.75, subdivision (c). The court reasoned that his prior-prison-term enhancements were not 'imposed' within the meaning of section 1172.75[, subdivision ](a) because they were imposed and stayed, not imposed and executed." (*Rhodius*, *supra*, 17 Cal.5th at pp. 1055-1056, fn. omitted.) We affirmed, and the California Supreme Court granted review.

## II. DISCUSSION

On June 26, 2025, the Supreme Court reversed our original decision. The Supreme Court held, "Penal Code section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.) The Court concluded "the

3

retroactive invalidation of the previously imposed enhancements in turn mandates resentencing under section 1172.75, according to the procedures set forth" in that statute. (*Id*. at p. 1068.)

Accordingly, we reverse the trial court's order denying defendant a full resentencing and remand the matter for further proceedings consistent with the statutory language, as construed by our Supreme Court in *Rhodius*.

## II. DISPOSITION

We reverse the trial court's order denying defendant's petition for resentencing under section 1172.75 and remand the matter for full resentencing.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

4